IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00105-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN JAMES (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on Amendments to the United States Sentencing Guidelines. (Doc. No. 41).

Part A of Amendment 821 is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Part B, Subpart 1 of that Amendment is retroactive and created a two-level decrease if a defendant meets all the criteria in USSG §4C1.1(a), including having zero criminal history points. USSG §1B1.10(d), comment. (n.7). Here, the Court determined the defendant had six criminal history points, none of which were status points. (Doc. No. 24: Presentence Report ¶ 106). Amendment 821 does not lower his criminal history points or offense level. Accordingly, he is not eligible for relief. USSG §1B1.10(a)(2)(B).

The defendant appears to request application of the safety valve to the mandatory minimum sentence he received for violating 18 U.S.C. § 924(c). (Doc. No. 41: Motion at 1-2). The safety valve is not available for violations of 18 U.S.C. § 924(c). 18 U.S.C. § 3553(f); USSG §5C1.2(a). Additionally, Amendment 817

concerning the safety valve is not retroactive. USSG §1B1.10(d). Thus, it cannot serve as a basis for granting a reduction in this proceeding.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: March 8, 2024

Robert J. Conrad, Jr.
United States District Judge